UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-24988-CIV-MORENO

SANTIAGO PADILLA and MURRAY L.
SHAMES, individually and on behalf of all
others similarly situated,

        Plaintiffs,

vs.

PORSCHE CARS NORTH AMERICA, INC.,
a Delaware Corporation,

        Defendant.
_____/

## ORDER GRANTING MOTION TO STAY DISCOVERY
## PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Porsche Cars North America, Inc.'s Motion to Stay Discovery Pending Resolution of its Motion to Dismiss **(D.E. 26)**, filed on **February 19, 2019**. The Court has considered the motion, the response, the reply, the pertinent portions of the record, and is otherwise fully advised in the premises.

In *Chudasama v. Mazda Motor Corp.*, the Eleventh Circuit ruled that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins" because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." 123 F.3d 1353, 1367 (11th Cir. 1997). In a series of rulings, the undersigned has consistently followed *Chudasama*'s guide. *See, e.g., Solar Star Sys., LLC v. Bellsouth Telecommunications, Inc.*, No. 10-21105-CIV-MORENO, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily

in favor of issuing a stay."); *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV-MORENO, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) ("The venue and standing issues are threshold legal issues that are case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised."); *In re Managed Care Litig.*, No. 00-1334-MD-MORENO, 2001 WL 664391, at *2 (S.D. Fla. June 12, 2001) ("This Court firmly abides by *Chudasama*'s instructions that discovery should follow the filing of a well-pleaded complaint" and that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

Here, Defendant moves to dismiss with prejudice Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants argue the Complaint fails to state any claim because: (1) Plaintiffs' claimed violation of the Florida Deceptive and Unfair Trade Practices Act is facially time-barred—and even if it is not—damages are not recoverable under the Act; (2) Plaintiffs' breach of implied warranty claim under Florida law is barred because Plaintiffs are not in privity with Defendant; and (3) Plaintiffs do not plead facts sufficient to plausibly allege claims under the Act, or for breach of implied warranty. (*See* D.E. 11 at 8–9.)

Based upon a cursory review of Plaintiffs' Complaint and Defendant's bases for dismissal with prejudice, the Court finds that a stay of discovery is appropriate until the Court rules on the case dispositive issues raised in Defendant's Motion to Dismiss. For these reasons, it is

**ADJUDGED** that Defendant's Motion to Stay Discovery **(D.E. 26)** is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this \_\_19th\_\_ of March 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record