## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| SANTIAGO PADILLA and MURRAY L. SHAMES, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:18-cv-24988-FAM |

## PORSCHE CARS NORTH AMERICA, INC.'S
## MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Fredrick H.L. McClure, Esq.
 fredrick.mcclure@dlapiper.com
J. Trumon Phillips, Esq.
 trumon.phillips@dlapiper.com
**DLA Piper LLP (US)**
3111 W. Dr. Martin Luther King Jr Blvd.
Suite 300
Tampa, FL  33607-6233
Telephone:	813.229.2111
Facsimile:	813.229.1447

**Of Counsel:**
William F. Kiniry, Jr.
 william.kiniry@dlapiper.com
 (admitted *pro hac vice*)
Matthew A. Goldberg
 matthew.goldberg@dlapiper.com
 (admitted *pro hac vice*)
**DLA Piper LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Telephone:	215.656.3300
Facsimile:	215.656.3301

Defendant, Porsche Cars North America, Inc. ("PCNA"), through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6), and Local Civil Rule 7.1, hereby moves this Court for an Order dismissing with prejudice the First Amended Class Action Complaint ("FAC") filed by Plaintiffs Santiago Padilla and Murray Shames (collectively "Plaintiffs"). In support of its motion, PCNA relies on the following incorporated memorandum of law.

## I. INTRODUCTION

This case is before the Court on Plaintiffs' FAC. This Court previously dismissed Plaintiffs' initial Class Action Complaint, having found that Plaintiffs' claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") was time-barred, but afforded Plaintiffs an opportunity to amend to "plead additional facts to support [tolling the statute of limitations pursuant to the doctrine of] fraudulent concealment." (*See* May 21, 2019 Order Granting In Part Defendant Porsche Cars North America, Inc.'s Motion to Dismiss ("Order"), ECF No. 31, at 9.) Plaintiffs failed to cure the defects of their initial pleading. Instead, they recycle previously rejected allegations and plead no facts sufficient to invoke the doctrine of fraudulent concealment.[1] Thus, Plaintiffs' amendment fails as a matter of law and all claims should be dismissed with prejudice.[2]

## II. BACKGROUND

Plaintiffs Santiago Padilla and Murray Shames filed a Class Action Complaint against PCNA on November 29, 2018, which sought declaratory and injunctive relief, and monetary damages for alleged violations of FDUTPA and a breach of the implied warranty of merchantability. PCNA moved to dismiss the Complaint in its entirety. The Court dismissed Plaintiffs' implied warranty claim with prejudice and found that their FDUTPA claim was time barred. Nevertheless, the Court granted Plaintiffs an opportunity to amend their Complaint in an effort to revive their untimely FDUTPA claim by pleading facts showing "fraudulent concealment."

---

[1] For the Court's convenience, PCNA attaches a redlined version of the FAC as Exhibit A, which documents each change Plaintiffs made to their original Complaint.

[2] Although this Motion focuses primarily on the untimely nature of Plaintiffs' FDUTPA claim, PCNA in several instances incorporates arguments by reference to PCNA's earlier Motion to Dismiss lodged on this Court's docket at ECF No. 11. The arguments incorporated by reference include why Plaintiffs have not pleaded a viable FDUTPA claim (even if the claim is deemed timely) and why their claim for declaratory relief fails as a matter of law.

Plaintiffs filed the FAC on June 12, 2019. That document continues to correctly report that they commenced this action more than four years after purchasing their Porsche-brand vehicles, but also continues to fail to allege any facts in support of a fraudulent concealment claim sufficient to toll the limitations period with respect to their FDUTPA claim.[3] For this reason, the FAC should be dismissed in its entirety and with prejudice.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is proper if a plaintiff either fails to allege facts supporting the essential elements of his claim or otherwise fails to state a claim upon which relief may be granted. On a motion to dismiss, the plaintiff's factual allegations must be accepted as true. *Huntings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). However, neither unreasonable inferences nor "conclusions of law or sweeping legal conclusions cast in the form of factual allegations" should be accepted. *United States v. Air Fla., Inc.*, 534 F. Supp. 17, 20 (S.D. Fla. 1982). That is so because the Federal Rules "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, the Rules "require[] more than labels and conclusions," and, thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations and quotations omitted). When the time-bar is apparent from the face of the complaint, Plaintiffs bear the burden of pleading allegations sufficient to toll the statute of limitations. *Heuer v. Nissan North Am., Inc.*, No. 17-60018, 2017 WL 3475063, at *4 (S.D. Fla. Aug. 11, 2017). As the FAC shows, Plaintiffs have not carried, and cannot carry, this burden.

---

[3] Padilla alleges that he bought a used model year ("MY") 2011 Porsche Panamera from a Miami luxury car dealership in 2013. (FAC., ¶ 13.) Shames alleges that he bought a used MY 2011 Porsche Cayenne S from Carmax in July 2014. (*Id*. at ¶ 14.)

2

## IV. ARGUMENT

### A. Plaintiffs' FDUPTA claim is time-barred.

#### 1. Plaintiffs' claim is untimely.

This Court has already recognized that Plaintiffs filed their putative FDUTPA claim outside the applicable limitations period. (Order, at 6 ("[I]t is apparent from the face of the complaint that the [FDUTPA] claim is time-barred.").) The FAC contains no averment to suggest otherwise. Thus, this Court should again find that Plaintiffs' FDUTPA claim, filed more than four years after they purchased their vehicles, is untimely. *See* Fla. Stat. § 95.11(3)(5).

#### 2. The Fraudulent Concealment Doctrine does not save Plaintiffs' time-barred FDUTPA claim.

Plaintiffs again attempt to salvage their FDUTPA claim under a theory of fraudulent concealment, but fail to plead the most basic facts needed to invoke that doctrine. As this Court explained when granting PCNA's earlier motion to dismiss:

> [t]o invoke fraudulent concealment, Plaintiffs must plead facts establishing Porsche engage[d] in the willful concealment of the cause of action using fraudulent means to achieve that concealment. Plaintiffs must also plead factual matter establishing that Porsche deliberately and actively concealed the material facts ***for the purpose of inducing Plaintiffs to delay filing this action***.
>
> Moreover, a fraudulent concealment claim is subject to Fed. R. Civ. P. 9(b)'s requirement that the circumstances constituting fraud shall be stated with particularity. Under Rule 9(b), a party must state with particularity the circumstances constituting fraud or mistake, although conditions of a person's mind, such as malice, intent, and knowledge may be alleged generally. The particularity requirement serves an important purpose in fraud actions by alerting defendants to the ***precise misconduct with which they are charged*** and protecting defendants against spurious charges of immoral and fraudulent behavior.

(*Id.* at 6 (citations and quotations omitted) (emphasis added).) The FAC, however, contains no facts sufficient to satisfy the standard articulated by the Court.

3

a. <u>PCNA publicly disclosed the alleged defect.</u>

Plaintiffs again argue for application of the fraudulent concealment doctrine by citing to a publicly-available report issued by NHTSA's Office of Defects Investigation ("ODI Report"). (*Id.* at 7-8; FAC, at ¶ 50.) But the ODI Report, through which PCNA publically disclosed the alleged cooling system defect, is fatal to, not supportive of, Plaintiffs' fraudulent concealment theory. Indeed, this Court has already rejected the ODI Report as a plausible basis for fraudulent concealment tolling. (*Id.* at 7-8.) Specifically, the Court reasoned that Plaintiffs' references to the ODI Report were "wholly insufficient to constitute active and willful concealment" because "public disclosures are the opposite of fraudulent concealment." (Order*,* at 8 (citing *Heuer*, 2017 WL 3475063 at *4).) Plaintiffs have not pleaded any new facts that compel a different result with respect to the instant motion to dismiss.[4]

b. <u>The exercise of reasonable diligence would have timely alerted Plaintiffs to their claim.</u>

Plaintiffs also claim that they "could not have discovered the [alleged defect] upon [the] reasonable exercise of diligence." (FAC, at ¶ 49.) But their own allegations show otherwise.

As PCNA explained previously, the fraudulent concealment doctrine does not apply when the exercise of reasonable diligence would have timely alerted plaintiffs to their claims. *See Hill v. Texaco, Inc.*, 825 F.2d 333, 3335 (11th Cir. 1987); *see also Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 836 (11th Cir. 1999) (explaining that statute of limitations will not be tolled under the fraudulent concealment doctrine if a reasonably diligent plaintiff would have timely discovered the alleged claim); *Washington v. LaSalle Bank Nat'l Ass'n*, 817 F. Supp. 2d

---

[4] Despite Plaintiffs' allegations to the contrary, PCNA never represented it "fixed" the alleged defect in the ODI Report. In that document, the Agency plainly stated that PCNA "identified several factors that could result in degradation of the adhesive in the coolant pipe fittings," including: "1) overheating of the water neck due to racetrack use; 2) variation of adhesive bead thickness and distribution within the joint due to manual application of adhesive; 3) installation of racing components . . . that may increase cooling system operating temperatures; 4) low coolant level; and 5) use of non-OEM approved coolants with unknown chemical compositions and potential negative effects on the subject adhesive." (ODI Report at 3.) PCNA provided information to the ODI "regarding an internal investigation and subsequent supplier process change related to the second factor" only. (*Id.*) The ODI Report does not state that PCNA claimed to have "fixed" the alleged defect, as the remaining factors—all of which result from third-party actions or inaction—may still adversely impact the vehicle coolant systems.

1345, 1351 (S.D. Fla. 2011). Here, Plaintiffs admit that the facts needed to timely alert them of their claims existed in the public domain prior to expiry of the applicable limitations period.

For instance, Plaintiff Shames freely admits that he knew of the alleged defect through online research prior to expiry of the four-year limitations period. (FAC, at ¶¶ 14, 52.) Specifically, he claims to have **reviewed materials** online **concerning the alleged defect in May of 2018**, at least two months *before* the statute of limitations for his FDUTPA claim was set to expire. (*Id.*) He even avers that he knew the alleged cooling system defect was a "common failure due to the fact that the hose is glued to the engine." (*Id.* at ¶ 14.) Armed with information related to an alleged defect, Plaintiff Shames decided not to press forward with litigation. Instead, he waited until after the statute of limitations had run to file this action. Thus, an alleged misrepresentation by PCNA is not what caused him to refrain from filing suit. Rather, he admits that the delay resulted from his own lack of diligence in pursuing his claim.

Plaintiff Padilla also pleads no facts suggesting that he can escape this Court's earlier conclusion that "the limitations period ran on his FDUTPA claim in 2017." (Order, at 4.) He does not suggest, even in a conclusory fashion, that he exercised reasonable diligence to timely discover his claim. Nor does he point to a single statement that PCNA[5] made to him that supposedly induced him to refrain from filing this action, much less plead the existence of such a statement in accordance with Rule 9(b). (Order, at 7 (finding that Rule 9(b) requires Plaintiffs to plead (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statements; (3) the content and manner in which the statements misled Plaintiffs; and (4) what Porsche gained by the alleged fraud.).) Nothing in the FAC calls this Court's earlier ruling into question. Plaintiff Padilla's claim is time-barred.

        c.    <u>Plaintiffs may not premise the invocation of the fraudulent concealment doctrine on "mere inaction."</u>

Plaintiffs' attempted invocation of the fraudulent concealment doctrine also fails to the extent it is premised on PCNA's "mere inaction" with respect to the alleged defect.[6] (FAC, at ¶¶

---

[5] PCNA notes that Plaintiffs' claims about what alleged dealerships did or did not tell them about the alleged defect is irrelevant, as such dealerships are separate and distinct entities.

[6] Plaintiffs allege that PCNA could have informed consumers of the alleged defect through "individual correspondence, media release, or by other means." (FAC, at ¶ 54.) In other words, they allege inaction on the part of PCNA, not active concealment.

48-52, 54-55.) As noted above, "[f]raudulent concealment requires the defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003). "Allegations of inaction and nondisclosure are wholly insufficient"; "[t]he 'fraudulent means' alleged must go beyond nondisclosure, and constitute active and willful concealment." *Heuer v. Nissan N. Am., Inc.*, No. 17-60018, 2017 WL 3475063, at *3 (S.D. Fla. Aug. 11, 2017) (citation and internal quotation marks omitted). This Court has echoed the same. (Order, at 8). Accordingly, the doctrine of fraudulent concealment should not be applied here.

      **B.**     **Plaintiffs fail to state the essential elements of a FDUTPA claim.**

Even if this Court finds that Plaintiffs have adequately pleaded facts in support of the doctrine of fraudulent concealment sufficient to toll the statute of limitations for their FDUTPA claim (and it should not), PCNA renews and incorporates by reference the arguments raised in its earlier Motion to Dismiss lodged at ECF No. 11. As stated therein, Plaintiffs' FDUTPA claim fails because Plaintiffs do not adequately allege: (1) facts showing that PCNA acted deceptively; (2) facts showing PCNA engaged in an unfair practice; or (3) facts to support a claim for actual damages. Plaintiffs have offered no facts in the FAC to refute any of the arguments already asserted, and now renewed. Thus, Plaintiffs' FDUTPA claim should be dismissed with prejudice.

      **C.**     **Declaratory relief, independent of FDUTPA, is unavailable.**

As this Court recognized, "[d]eclaratory relief is a procedural device which depends on an underlying substantive right of action, and cannot stand on its own." (Order, at 16 (quoting *Eveillard v. Nationstar Mortg. LLC*, No. 14-61786, 2015 WL 127893, at *9 (S.D. Fla. Jan. 8, 2015).) Therefore, if Plaintiffs' FDUTPA claim is dismissed, Plaintiffs' claim for relief under the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*., must also be dismissed.

If this Court finds that Plaintiffs' FDUTPA claim is not subject to dismissal, then PCNA renews and incorporates by reference the arguments raised in its earlier Motion to Dismiss lodged at ECF No. 11. A plaintiff lacks Article III standing to seek injunctive relief unless he pleads a likelihood of immediate future harm. *Herazo v. Whole Foods Mkt., Inc.*, No. 14-61909, 2015 WL 4514510, at *3 (S.D. Fla. Jul. 24, 2015) (Moreno, J.); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Plaintiffs fail to plead such facts in their FAC. Further, as a matter of statutory

interpretation, this action should be dismissed as preempted, and pursuant to the doctrine of primary jurisdiction. The NHTSA, not this Court, should consider the existence of a defect and the need for the alleged recall.

V. **CONCLUSION**

For all of the reasons stated above, Plaintiffs have not stated any claim upon which relief can be granted. Therefore, the FAC should be dismissed in its entirety with prejudice.

Respectfully submitted,

*/s/ Fredrick H.L. McClure*
Fredrick H.L. McClure, Esq.
  fredrick.mcclure@dlapiper.com
J. Trumon Phillips, Esq.
  trumon.phillips@dlapiper.com
**DLA Piper LLP (US)**
3111 W. Dr. Martin Luther King Jr Blvd.
Suite 300
Tampa, FL  33607-6233
Telephone:   813.229.2111
Facsimile:    813.229.1447

**Of Counsel:**
William F. Kiniry, Jr.
  william.kiniry@dlapiper.com
  (admitted *pro hac vice*)
Matthew A. Goldberg
  matthew.goldberg@dlapiper.com
  (admitted *pro hac vice*)
**DLA Piper LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Telephone:   215.656.3300
Facsimile:    215.656.3301

**CERTIFICATE OF SERVICE (electronic filing)**

**I HEREBY CERTIFY** that on June 26, 2019, I electronically filed the foregoing Motion and supporting Memorandum of Law with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing to the following counsel of record:

T. Michael Morgan (FSB 0062229)
**MORGAN & MORGAN, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL  32801
Phone:  (407) 420-1414
Email: mmorgan@forthepeople.com

Timothy G. Blood (admitted *pro hac vice*)
Paula R. Brown (admitted *pro hac vice*)
**BLOOD HURST & OREARDON, LLP**
501 West Broadway, Suite 1490
San Diego, CA  92101
Phone:  (619) 338-1100
Email: tblood@bholaw.com
Email: pbrown@bholaw.com

*Attorneys for Plaintiffs*

                                                                *s/ Fredrick H.L. McClure*
                                                                Attorney